JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Ronald Douglas ("defendant"), appeals his conviction entered by the Cuyahoga County Court of Common Pleas and claims that the trial court erred in denying his motion to withdraw his no contest pleas. For the following reasons, we reverse and remand.
 {¶ 2} On October 29, 2004, a 13-count indictment was filed against defendant for three counts of aggravated robbery, two counts of felonious assault, two counts of aggravated murder, three counts of aggravated burglary, and three counts of kidnapping. Each of the counts contained one-and three-year firearm specifications.
 {¶ 3} On November 30, 2004, defendant entered "no contest" pleas to all charges in the indictment. Following the plea, defendant was referred for a mitigation of penalty report with the Probation Department and Court Psychiatric Clinic.
 {¶ 4} On February 2, 2005, the Court Psychiatric Clinic prepared a competency evaluation finding defendant incompetent to stand trial or assist in or understand the legal proceedings against him. Defendant was referred for treatment to restore his competency and his case was transferred to the docket of a mental health court judge.
 {¶ 5} On August 24, 2005, defendant filed a motion to withdraw his no contest pleas claiming that he entered the pleas without the requisite capacity. *Page 4 
 {¶ 6} On September 15, 2005, the trial court held a hearing on the matter, and on February 28, 2006, in a written decision, denied defendant's motion to withdraw his guilty pleas and found defendant competent to enter his pleas of "no contest."[1] On February 28, 2006, the trial court also accepted defendant's pleas of "no contest" and sentenced defendant to a prison term of 13 years, with a five-year term of post-release control. It is from this ruling and sentence that defendant timely appeals and raises three assignments of error for our review, which will be addressed out of order.
 {¶ 7} "II. Appellant's no contest plea was not knowing, voluntary, or intelligent where the trial court did not address the firearm specifications before accepting his plea."
 {¶ 8} In his second assignment of error, defendant contends that his no contest pleas were not knowingly, intelligently, and voluntarily entered because the trial court failed to inform him of the maximum penalties. Specifically, defendant argues that he was not informed that the firearm specifications carried an additional mandatory three-year term.
 {¶ 9} In determining whether to accept a no contest or guilty plea, the trial court must determine whether the defendant has knowingly, intelligently, and *Page 5 
voluntarily entered the plea. Crim.R. 11(C); State v. Johnson (1988), 40 Ohio St.3d 130. To do so, the trial court should engage in a dialogue with the defendant as described in Crim.R.11(C). Crim.R. 11(C)(2)(a) requires the trial court explain to a defendant, before it accepts the defendant's plea, "the nature of the charge and of the maximum penalty involved." Johnson, supra at 133. This Court has consistently held that a defendant must know the maximum penalty involved before the trial court may accept his guilty plea. State v. Corbin, 141 Ohio App.3d 381,386-387, 2001-Ohio-4140; State v. Gibson (1986), 34 Ohio App.3d 146;State v. Long, Cuyahoga App. No. 87721, 2006-Ohio-6272.
 {¶ 10} A firearm specification carries a mandatory additional term of imprisonment of one or three years and constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed. See State v. Higgs (1997), 123 Ohio App.3d 400, 408. Accordingly, a trial court's lack of notification regarding the additional mandatory time for a firearm specification could be a basis to vacate a plea, since the defendant has not been informed of the maximum penalty for which he is pleading guilty. The rationale behind such a mandate is that without an adequate explanation of the additional mandatory prison time from the trial court, a defendant can not fully understand the consequence of his plea as required by Crim.R.11(C).
 {¶ 11} Here, we find that although the defendant was informed that there were firearm specifications attached to his indictment and plea, the trial court failed to *Page 6 
inform him that these firearm specifications carried mandatory additional prison terms of one or three years.[2] Therefore, we conclude that the court's explanation of the maximum penalties was inadequate and did not substantially comply with the court's responsibilities under Crim.R. 11(C)(2)(a). In addition, the record shows that defendant asserted that he was not guilty of the firearm specifications and that the trial court failed to make a further inquiry regarding whether defendant understood the nature of the specifications.[3] See Higgs, supra at 409. Accordingly, we sustain defendant's second assignment of error, vacate his guilty pleas, and remand for further proceedings.
 {¶ 12} "I. The trial court erred by denying appellant's pretrial motion to withdraw his no contest plea where the evidence reflected he was incompetent to enter the plea.
 {¶ 13} "III. Appellant's maximum sentences were imposed under unconstitutional statutes and are contrary to law."
 {¶ 14} Our resolution of defendant's second assignment of error renders his remaining assignments of error moot. Accordingly, we do not address them here. See App.R. 12(A)(1)(c).
Judgment reversed and remanded.
It is ordered that appellant recover of appellee his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court for further proceedings.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., J., and CHRISTINE T. McMONAGLE, J., CONCUR
[1] The original order and decision denying defendant's motion to withdraw guilty pleas was signed by the court on January 10, 2006, but was mistakenly not sent to the clerk's office for journalization.
[2] Trial Transcript of 11/30/04: P. 26, L.16-25, P.27, L.1-8.
[3] Trial Transcript of 11/30/04: P. 12, L.8-12, P.13, L.22-23, P.17-18, L. 25-1. *Page 1