[Cite as *State v. Rogers*, 2016-Ohio-1382.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 103227

---

# STATE OF OHIO

**PLAINTIFF-APPELLEE**

vs.

# ROBERT ROGERS

**DEFENDANT-APPELLANT**

---

## JUDGMENT:
## CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-592218-A

**BEFORE:** Kilbane, J., Keough, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** March 31, 2016

**ATTORNEY FOR APPELLANT**

Michael P. Maloney
24441 Detroit Road
Suite 200
Westlake, Ohio 44145

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Gregory J. Ochocki
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

**{¶1}** Defendant-appellant, Robert Rogers ("Rogers"), appeals from his guilty plea and sentence for operating a vehicle under the influence of alcohol or drugs ("OVI"), in violation of R.C. 4511.19(A)(1)(a). The state concedes that Rogers's sentence is contrary to the Ohio Supreme Court's decision in *State v. South*, 144 Ohio St.3d 295, 2015-Ohio-3930, 42 N.E.2d 734. Having reviewed the record and the controlling case law, we agree that Rogers must be resentenced. Therefore, we affirm his conviction, vacate his sentence, and remand the matter for resentencing.

**{¶2}** In January 2015, Rogers was charged with two counts of OVI. Count 1 was brought pursuant to R.C. 4511.19(A)(1)(a) (operating under the influence) and carried a furthermore clause stating Rogers's previous OVI conviction in CR-05-470506 and the forfeiture of his vehicle. Count 2 was brought pursuant to R.C. 4511.19(A)(1)(d) (alcohol concentration of eight-hundredths of one gram or more but less than seventeen-hundredths of one gram) and carried a furthermore clause stating Rogers's previous conviction in CR-05-470506 and a forfeiture specification of his vehicle. Both counts were third-degree felonies because of Rogers's previous felony conviction in violation of R.C. 4511.19.[1]

---

[1]A review of the record reveals that Rogers was previously convicted of OVI six other times, spanning from 1984-1999.

**{¶3}** Pursuant to a plea agreement, Rogers pled guilty to Count 1 and forfeited his vehicle. In exchange, the state nolled Count 2. The trial court sentenced Rogers to five years in prison, including a mandatory 60 days of imprisonment. The court also sentenced him to three years postrelease control.

**{¶4}** Rogers now appeals, raising the following two assignments of error for review.

Assignment of Error One

The trial court imposed a sentence contrary to law.

Assignment of Error Two

[Rogers's] guilty plea was not knowingly and voluntarily entered.

Sentence

**{¶5}** In the first assignment of error, Rogers contends and the state concedes that the proper sentencing range for his sentence is between nine to thirty-six months, as set forth by the Ohio Supreme Court in *South*,144 Ohio St.3d 295, 2015-Ohio-3930, 42 N.E.2d 734

**{¶6}** In *South*, the defendant was charged with one count of OVI, in violation of R.C. 4511.19(A)(1)(a), a third-degree felony, and a repeat-offender specification under R.C. 2941.1413; one count of OVI, in violation of R.C. 4511.19(A)(1)(d), a third-degree felony; and one count of driving under suspension, in violation of R.C. 4510.11, a first-degree misdemeanor. The jury returned a guilty verdict on each count, including the specification. *Id.* at ¶ 2.

**{¶7}** The trial court merged the two OVI counts for sentencing purposes. The court imposed a three-year sentence for the specification, plus an additional, consecutive five-year sentence for the underlying OVI offense. The court characterized both counts as "mandatory." *Id.* at ¶ 3. South appealed to the Ninth District Court of Appeals, which vacated his sentence, holding that it was contrary to law. *Id.* at ¶ 4. The Ninth District found that South's sentence "'had to consist of a one- to five-year mandatory prison term on his specification[,] R.C. 4511.19(G)(1)(e)(i), 'and a prison term' of any duration specified in division (A)(3) of [R.C. 2929.14].'" *Id.* at ¶ 4, quoting *State v. South*, 9th Dist. Summit No. 26967, 2014-Ohio-374, ¶ 17, quoting R.C. 2929.14(B)(4). Because the trial court's five-year sentence exceeded the permissible maximum under R.C. 2929.14(A)(3)(b), the Ninth District vacated the sentences related to his underlying OVI conviction and the specification, and remanded the matter to the trial court for resentencing. *Id.* at ¶ 4.

**{¶8}** On appeal to the Ohio Supreme Court, the *South* court addressed the interplay of R.C. 4511.19, 2941.1413, 2929.13, and 2929.14 and found that the permissible sentencing range for a third-degree-felony-OVI is "a discretionary 9- to 36-month definite prison term for the underlying OVI conviction." *Id.* at ¶ 19. The court stated:

> R.C. 2929.14 applies if a sentencing court elects or is required to impose a prison term. R.C. 2929.14(A)(3)(a) provides that for a felony of the third degree that is a violation of listed offenses not at issue here, the term "shall be" in the range of 12 to 60 months. But for third-degree-felony offenses not listed in division (A)(3)(a), "the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." R.C. 2929.14(A)(3)(b).

> R.C. 2929.14(B)(4) also provides:

> If the offender is being sentenced for a third or fourth degree felony OVI offense under [R.C. 2929.13(G)(2)], the sentencing court shall impose upon the offender a mandatory prison term in accordance with that division. In addition to the mandatory prison term, * * * if the offender is being sentenced for a third degree felony OVI offense, the sentencing court may sentence the offender to an additional prison term of any duration specified in division (A)(3) of this section.
>
> Again, several points are important. First, because the underlying OVI offense at issue here is not one of the excepted third-degree felonies listed in R.C. 2929.14(A)(3)(a), subsection (A)(3)(b) provides a sentence of 9 to 36 months for that offense. Second, R.C. 2929.14(B)(4) repeats the requirement of imposing a one- to five-year sentence arising from R.C. 2929.13(G)(2) and the specification conviction. And finally, for those specification-offenders sentenced under R.C. 2929.13(G)(2), R.C. 2929.14(B)(4) expressly states that for third-degree-felony-OVI offenses, a sentencing court may impose "an additional prison term of any duration specified" in R.C. 2929.14(A)(3), that is, a sentence of 9 to 36 months for the underlying OVI offense.

*Id.* at ¶ 16-18.

{¶9} The *South* court applied the foregoing to South's sentence and found that his specification-related sentence — a mandatory three-year prison term — was not contrary to law because courts must impose a prison term of one, two, three, four, or five years for the R.C. 2941.1413 specification conviction. *Id.* at ¶ 23, citing R.C. 4511.19(G)(1)(e)(i) and 2929.13(G)(2). The court found South's five-year mandatory sentence for the underlying OVI conviction was contrary to law because R.C. 2929.14(A)(3)(b) provides that any additional prison term for an underlying third-degree-felony-OVI conviction must be nine, twelve, eighteen, twenty-four, thirty, or 36 months. *Id.* at ¶ 24.

{¶10} Subsequently, the court reinstated South's mandatory three-year prison sentence associated with his repeat-offender-specification conviction, and remanded the

matter to the trial court for resentencing on the underlying OVI conviction in accordance with R.C. 2929.14(A)(3)(b).  *Id.* at ¶ 27.

**{¶11}** In applying *South* to the instant case, we agree with Rogers and the state that Rogers's sentence is contrary to law.  *See also State v. Mericsko*, 8th Dist. Cuyahoga No. 102262, 2015-Ohio-4489 (where we applied *South* and found that defendant's sentence was contrary to law because defendant received a five-year mandatory term on the repeat-offender OVI specification, R.C. 2941.1413, to be served prior to and consecutive with a 120-day prison term for the underlying OVI conviction, but under R.C. 4511.19(G)(1)(e)(ii), the 120-day prison term was applicable only if defendant was not convicted of the repeat offender specification.)  Therefore, we vacate Rogers's sentence and remand the matter for resentencing Rogers to:  (1) the mandatory 60-day consecutive prison term, and (2) a discretionary prison term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months.

**{¶12}** Accordingly, the first assignment of error is sustained.

<u>Guilty Plea</u>

**{¶13}** In the second assignment of error, Rogers challenges the knowing and voluntary nature of his guilty plea and argues that the trial court failed to ensure he understood that he was not eligible for community control sanction.

**{¶14}** "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily."  *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179, 660 N.E.2d 450.  The standard of review for determining whether a plea

was knowing, intelligent, and voluntary within the meaning of Crim.R. 11 for nonconstitutional issues, such as in the matter before us, is substantial compliance, and strict compliance for constitutional issues. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *State v. Stewart*, 51 Ohio St.2d 86, 92-93, 364 N.E.2d 1163 (1977). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Nero* at 109. In addition, when challenging his guilty plea based on the trial court's lack of substantial compliance, a defendant must also show a prejudicial effect — that the plea would not have been otherwise entered but for the error. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 15.

**{¶15}** Crim.R. 11(C)(2)(a) requires that the trial court determine that "the defendant is making the plea * * * with understanding of the * * * maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."

**{¶16}** With regard to Rogers's eligibility for community control sanctions and his mandatory prison sentence, the trial court advised Rogers of the following:

> COURT: Mr. Rogers, the charge of driving while under the influence as indicted in Count 1 is a felony of the third degree. As we've stated, under OVI laws this case is punishable by a prison term of 60 days up to five years. It also carries with it a possible fine anywhere from $1,350 to $10,500. It also requires a Class II driving suspension, which is anywhere from three months to life.
>
> * * *

COURT:  Do you also understand that this count carries with it a forfeiture of the vehicle used?

ROGERS:  Yes, Your Honor.

COURT:  Okay.  Do you each understand that if the Court grants community control sanctions, otherwise known as probation, you would have to comply with all the conditions set forth by this Court and the probation department, and failure to do so would result in the imposition of a prison term?

ROGERS:  Yes, Your Honor.

* * *

COURT:  Do you understand that if a prison term is imposed, you must serve the time as announced by the Court without any reduction in time for good behavior?

ROGERS:  Yes, ma'am.

{¶17} Rogers contends that based on the foregoing, he could have readily believed that he was eligible for community control sanctions when he was facing a mandatory minimum of 60 days in prison.   However, Rogers has not demonstrated, nor even argued, that he would not have entered the guilty plea but for the perceived lack of advisement. As this court has previously held "'even if the [trial] court failed to substantially comply with explaining the effects of his plea,' the defendant still has to prove that he was prejudiced by the court's failure."  *State v. Mannarino*, 8th Dist. Cuyahoga No. 98727, 2013-Ohio-1795, ¶ 15, quoting *State v. Simonoski*, 8th Dist. Cuyahoga No. 98496, 2013-Ohio-1031.   Here, Rogers has not demonstrated, nor argued, prejudice.

**{¶18}** Moreover, the record demonstrates Rogers was aware that he was ineligible for community control sanctions and was advised of the mandatory 60-day sentence right before entering his guilty plea. We recognize that a defendant may learn of information not relayed to him by the trial court but from other sources, such as his attorney. *State v. McCown*, 8th Dist. Cuyahoga No. 69683, 1996 Ohio App. LEXIS 4801, *19 (Oct. 31, 1996). The record demonstrates that at the plea hearing the state advised Rogers of the mandatory prison sentence: "[a]nd, Your Honor, I would also state on the record the penalties for a third degree felony OVI. There is a bit of a conflict regarding the sentencing. Under the OVI laws there's a mandatory minimum of 60 days prison[.]" Similarly, defense counsel informed the trial court that Rogers was aware of the mandatory prison term he faced: "Judge, he knows he's going to be remanded and he's prepared to go forward and withdraw his previously entered not guilty plea and he'll be entering a guilty plea as outlined[.] My client and I have had a number of discussions. He is fully aware of what he's pleading to and he is also aware of what the possible sentence may be." In addition, at no time during the proceedings did Rogers express confusion or a lack of understanding regarding the nature of his plea.

**{¶19}** Thus, the totality of the circumstances demonstrate that the trial court substantially complied with Crim.R. 11 and Rogers's plea was entered knowingly and voluntarily.

**{¶20}** Therefore, the second assignment of error is overruled.

{¶21} Accordingly, Rogers's conviction is affirmed, his sentence is vacated, and the matter is remanded to the trial court for resentencing on his third-degree-felony-OVI conviction.

It is ordered that appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR