[Cite as *State v. Rogers*, 2017-Ohio-1451.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104814**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROBERT ROGERS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-592218-A

**BEFORE:** Blackmon, P.J., Celebrezze, J., and Jones, J.

**RELEASED AND JOURNALIZED:** April 20, 2017

**ATTORNEY FOR APPELLANT**

Ruth R. Fischbein-Cohen
3552 Severn Rd., #613
Cleveland, Ohio 44118


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Gregory J. Ochocki
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, P.J.:

{¶1} Robert Rogers ("Rogers") appeals his prison sentence for the offense of operating a vehicle under the influence of alcohol or drugs ("OVI") and assigns the following error for our review:

> I. It was error to sentence Robert Rogers to close to maximum time absent making statutory findings.

{¶2} Having reviewed the record and pertinent law, we affirm. The apposite facts follow.

{¶3} On May 4, 2015, Rogers pled guilty to OVI in violation of R.C. 4511.19(A)(1)(a), which is a third-degree felony. Subsequently, the court sentenced Rogers to five years in prison.

{¶4} On March 31, 2016, this court affirmed Rogers's OVI conviction but remanded the case to the trial court for resentencing. *State v. Rogers*, 8th Dist. Cuyahoga No. 103227, 2016-Ohio-1382. Upon remand, the court resentenced Rogers to a mandatory 60 days in prison, to run consecutively to a 30-month prison term. It is from this sentence that Rogers appeals.

{¶5} R.C. 2953.08(G)(2) provides, in part, that when reviewing felony sentences, the appellate court's standard of review is not whether the sentencing court abused its discretion; rather, if this court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under" R.C. Chapter 2929 or that (2) "the

sentence is otherwise contrary to law," then we may conclude that the court erred in sentencing. *See also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231.

{¶6} A sentence is not clearly and convincingly contrary to law "where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies post-release control, and sentences a defendant within the permissible statutory range." *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10.

{¶7} Pursuant to R.C. 2929.11(A), the two overriding purposes of felony sentencing are "to protect the public from future crime by the offender and others," and "to punish the offender using the minimum sanctions that the court determines accomplish those purposes * * *." Additionally, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶8} Furthermore, in imposing a felony sentence, "the court shall consider the factors set forth in [R.C. 2929.12(B) and (C)] relating to the seriousness of the conduct [and] the factors provided in [R.C. 2929.12(D) and (E)] relating to the likelihood of the offender's recidivism * * *." R.C. 2929.12. However, this court has held that "[a]lthough the trial court must consider the principles and purposes of sentencing as well as the mitigating factors, the court is not required to use particular language or make

specific findings on the record regarding its consideration of those factors." *State v. Carter*, 8th Dist. Cuyahoga No. 103279, 2016-Ohio-2725, ¶ 15.

{¶9} Pursuant to R.C. 2929.14(A)(3)(b), the sentencing range for a third-degree felony OVI charge is "a discretionary 9-to-36-month prison term." *See also State v. South*, 144 Ohio St.3d 295, 2015-Ohio-3930, 42 N.E.3d 734, ¶ 19. Therefore, Rogers's sentence of 60 days plus 30 months is within the statutory range. In imposing this sentence, the court took into consideration that Rogers had nine DUI/OVI convictions, in addition to one conviction each for criminal damaging, drug trafficking, and disorderly conduct, as well as six convictions for domestic violence. This demonstrates the seriousness of Rogers's conduct, as well as alcoholism, and weighs toward the likelihood of recidivism. The court commended Rogers for remaining sober while he has been incarcerated but noted that "sobriety will be an ongoing continuous thing." The court further encouraged Rogers to complete his 12-step recovery program for alcoholism during his prison sentence.

{¶10} Upon review, we find that the record clearly and convincingly supports the sentence imposed, and the sentence is not otherwise contrary to law. Accordingly, Rogers's sole assigned error is overruled.

{¶11} Sentence affirmed.

It is ordered that appellee recover of appellant   costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
LARRY A. JONES, SR., J., CONCUR