[Cite as *State v. Cliff*, 2018-Ohio-1627.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 106137

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DAVONTAY CLIFF**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-615803-A

**BEFORE:** E.T. Gallagher, P.J., Celebrezze, J., and Keough, J.

**RELEASED AND JOURNALIZED:** April 26, 2018

**ATTORNEY FOR APPELLANT**

P. Andrew Baker
11510 Buckeye Road
Cleveland, Ohio 44104


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY: Edward R. Fadel
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


EILEEN T. GALLAGHER, P.J.:

{¶1} Defendant-appellant, Davontay Cliff, appeals from his conviction following a guilty plea. He raises the following assignment of error for review:

> 1. Appellant's conviction must be reversed because his plea was not knowingly, intelligently, and voluntarily made.

{¶2} After careful review of the record and relevant case law, we affirm Cliff's conviction.

## I. Procedural History

{¶3} In March 2017, Cliff was named in a six-count indictment, charging him with attempted murder, kidnapping, two counts of felonious assault, and two counts of aggravated robbery. Each count contained one- and three-year firearm specifications.

**{¶4}** In June 2017, Cliff pleaded guilty to a single count of aggravated robbery in violation of R.C. 2911.01(A)(1), with a three-year firearm specification. The remaining counts were nolled. Following a Crim.R. 11 colloquy, the trial court accepted Cliff's guilty plea and referred him to the county probation department for a presentence investigation report.

**{¶5}** At sentencing, the trial court imposed a four-year prison term on the aggravated robbery offense, to be served consecutively with the three-year firearm specification, for a total prison term of seven years.

**{¶6}** Cliff now appeals from his conviction and sentence.

## II. Law and Analysis

**{¶7}** In his sole assignment of error, Cliff argues his guilty plea was not knowingly, intelligently, and voluntarily made.

**{¶8}** When a defendant enters a plea in a criminal case, "the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). To ensure that a defendant enters a plea knowingly, voluntarily, and intelligently, a trial court must engage in an oral dialogue with the defendant in accordance with Crim.R. 11(C). *Id*. The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Schmick*, 8th Dist. Cuyahoga No. 95210, 2011-Ohio-2263, ¶ 5.

**{¶9}** As relevant here, Crim.R. 11(C)(2)(a) provides that, before a trial court may accept a guilty plea, the court must first address the defendant personally and determine:

that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶10} Thus, Crim.R. 11(C)(2)(a) requires the trial court to ensure that, before a defendant pleads guilty to a felony, he or she understands (1) the nature of the charges; (2) the maximum penalty involved, and, if applicable; (3) that the defendant is not eligible for community control sanctions, i.e., prison is mandatory.

{¶11} The reviewing court conducts a de novo review to determine whether the trial court accepted a plea in compliance with Crim.R. 11(C). *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶ 26. A trial court must strictly comply with the Crim.R. 11(C)(2) requirements regarding the waiver of constitutional rights, which means that the court must inform the defendant of the constitutional rights he is waiving and make sure the defendant understands them. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. For nonconstitutional rights, such as the right to be informed of the maximum penalty involved and the mandatory nature of a prison sentence, substantial compliance with the rule is usually sufficient. *Id.* at ¶ 14, citing *State v. Stewart*, 51 Ohio St.2d 86, 92, 364 N.E.2d 1163 (1977).

{¶12} "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *Stewart* at 92-93. "[A] slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving.'" *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31, quoting *Nero* at 108.

**{¶13}** If an appellate court finds that a trial court did not substantially comply with a requirement of Crim.R. 11(C)(2)(a), which governs the advisement of nonconstitutional rights, the appellate court must make a further determination as to whether the trial court "partially complied" or "completely failed" to comply with the requirement. *Clark* at ¶ 32. If the trial court partially complied, the plea may be vacated only if the defendant demonstrates a prejudicial effect, i.e., "'whether the plea would have otherwise been made.'" *Id*., quoting *Nero* at 108. If, however, the trial court completely failed to comply, the plea must be vacated because "'[a] complete failure to comply with the rule does not implicate an analysis of prejudice.'" *Id*., quoting *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22.

**{¶14}** On appeal, Cliff does not dispute the validity of the trial court's Crim.R. 11(C)(2)(a) advisement concerning the aggravated robbery offense. Instead, Cliff's sole argument is that his plea was not knowingly made because the trial court failed to advise him that his firearm specification carried a mandatory prison term.

**{¶15}** In *State v. Tutt,* 2015-Ohio-5145, 54 N.E.3d 619 (8th Dist.), this court held, in relevant part:

> [W]here a defendant faces a mandatory prison sentence as a result of a guilty or no contest plea, the trial court must determine, prior to accepting a plea, that the defendant understands that he or she is subject to a mandatory prison sentence and that as a result of the mandatory prison sentence, he or she is not eligible for probation or community control sanctions.

*Id*. at ¶ 19. A trial court may meet this requirement by (1) expressly informing the defendant that he or she is subject to a mandatory prison sentence and therefore does not qualify for community control sanctions, or (2) confirming the defendant's subjective understanding of the mandatory nature of the prison term from the totality of the circumstances. *Id.* at ¶ 22.

A firearm specification carries a mandatory additional term of imprisonment of one or three years and constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed. *See State v. Higgs*, 123 Ohio App.3d 400, 408, 704 N.E.2d 308 (1997). Accordingly, a trial court's lack of notification regarding the additional mandatory time for a firearm specification could be a basis to vacate a plea, since the defendant has not been informed of the maximum penalty for which he is pleading guilty. The rationale behind such a mandate is that without an adequate explanation of the additional mandatory prison time from the trial court, a defendant can not fully understand the consequence of his plea as required by Crim.R.11(C).

*State v. Douglas*, 8th Dist. Cuyahoga No. 87952, 2007-Ohio-714, ¶ 10.

**{¶16}** At the plea hearing in this case, the trial court explained to Cliff the implications of the attendant firearm specification, as follows:

> TRIAL COURT: As now charged, as amended, [the aggravated robbery charge] is a felony in the first degree. Felony in the first degree means that there is a presumption of going to prison. A presumption means in all probability you're going to be going to prison. If you present evidence at the sentencing hearing * * * that convinces me that I should place you on probation or community control sanctions, as it's formally called, rather than send you to prison based on the presumption, if you present sufficient evidence that convinces me otherwise, then I can place you on probation. Do you understand that?
>
> CLIFF: Yes, sir.
>
> * * *
>
> TRIAL COURT: If you do not present enough evidence to convince me otherwise, either by yourself or your attorney, then I will view that the presumption of going to prison applies and sentence you to prison. Do you understand that?
>
> CLIFF: Yes, sir.
>
> * * *
>
> TRIAL COURT: [H]ow do you plead to aggravated robbery, amended Count 4, with a three-year firearm specification and dropping the one-year firearm specification?
>
> Before you answer that, let me explain to you one more thing. A three-year firearm specification means that *you have to serve three years in prison before the*

*sentence starts on the underlying case* which in this situation is aggravated robbery. So when I said to you that you would spend three to 11 years in prison depending on what I would order for the aggravated robbery, that does not count into that number the firearm charge.

(Emphasis added.) The trial court then went on to explain to Cliff that if, for example, the court imposed a three-year sentence on the underlying aggravated robbery offense, Cliff would serve a total of six years in prison. Cliff stated that he understood.

{¶17} After careful consideration, we find the totality of the circumstances demonstrates that Cliff subjectively understood the mandatory nature of the prison sentence associated with the firearm specification. We agree that the trial court did not expressly use the word "mandatory" while explaining the sentencing implications of the three-year firearm specification. However, the record reflects that the trial court went to great lengths to explain to Cliff that "three years in prison" on the firearm specification would "have" to be served before, and in addition to, "the sentence" imposed on the aggravated robbery offense. Contrary to Cliff's assertion on appeal, the trial court's advisement on this issue was not ambiguous or confusing. Nor does the court's advisement suggest that a prison term on the firearm specification was only mandatory if the court also imposed a prison term on the underlying offense.

{¶18} Cliff actively participated in the trial court's colloquy and stated that he understood the trial court's Crim.R. 11(C) advisements, including its explanation of the relevant firearm specification. Accordingly, we find the trial court substantially complied with the requirements of Crim.R. 11(C)(2)(a), and Cliff has not demonstrated that he was prejudiced by the court's failure to use the magic words "mandatory" or "ineligible for community control."

{¶19} Cliff's sole assignment of error is overruled.

{¶20} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR