[Cite as *State v. Brown*, 2019-Ohio-3516.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 107933 |
| v. | : | |
| DASHAWN BROWN, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED, VACATED, AND REMANDED
**RELEASED AND JOURNALIZED:** August 29, 2019

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-17-622655-A and CR-17-623952-B

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jennifer Meyer, Assistant Prosecuting Attorney, *for appellee.*

Nee Law Firm, L.L.C., Matthew M. Nee, and Leigh S. Prugh, *for appellant.*

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Defendant-appellant, Dashawn Brown, appeals from his convictions and sentence following a guilty plea. He raises the following assignments of error for review:

1. The trial court erred in accepting Brown's plea because it was not made knowingly, intelligently, and voluntarily.

2. The trial court erred in failing to merge Brown's convictions for carrying a concealed weapon with his convictions for improperly handling a firearm in a motor vehicle.

3. The trial court erred in not making the required findings to impose consecutive sentences.

{¶ 2} After careful review of the record and relevant case law, we reverse and vacate Brown's convictions and remand for proceedings consistent with this opinion.

## I. Procedural and Factual History

{¶ 3} In November 2017, Brown was named in a four-count indictment in Cuyahoga C.P. No. CR-17-622655-A. The indictment charged him with receiving stolen property in violation of R.C. 2913.51(A), with a one-year firearm specification and a forfeiture specification; carrying a concealed weapon in violation of R.C. 2923.12(A)(2), with a forfeiture specification; improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B), with a forfeiture specification; and receiving stolen property in violation of R.C. 2913.51(A), with a forfeiture specification.

{¶ 4} In December 2017, Brown was indicted by information in Cuyahoga C.P. No. CR-17-623952-B. Brown was charged with two counts of carrying a concealed weapon in violation of R.C. 2923.12(A), with forfeiture specifications; and a single count of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B), with forfeiture specifications.

{¶ 5} In January 2018, Brown was named in a multiple-count indictment in Cuyahoga C.P. No. CR-18-624694-B.[1] The indictment charged him with aggravated robbery in violation of R.C. 2911.01(A)(1), with one- and three-year firearm specifications; robbery in violation of R.C. 2911.02(A)(1), with one- and three-year firearm specifications; kidnapping in violation of R.C. 2905.01(A)(2), with one- and three-year firearm specifications; aggravated robbery in violation of R.C. 2911.01(A)(1), with one- and three-year firearm specifications; robbery in violation of R.C. 2911.02(A)(1), with one- and three-year firearm specifications; kidnapping in violation of R.C. 2905.01(A)(2), with one- and three-year firearm specifications; theft in violation of R.C. 2913.02(A)(1); and vandalism in violation of R.C. 2909.05(B)(1)(b).

{¶ 6} At a consolidated hearing held in August 2018, Brown expressed that he wished to withdraw his previously entered pleas of not guilty and accept a plea agreement with the state. The state then set forth the terms of the proposed plea agreement, expressing that "all three of these plea deals are packaged."

{¶ 7} In C.P. No. CR-17-622655-A, Brown pleaded guilty to receiving stolen property in violation of R.C. 2913.51(A), with a one-year firearm specification and a forfeiture specification; carrying a concealed weapon in violation of R.C. 2923.12(A)(2), with a forfeiture specification; improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B), with a forfeiture specification; and

---

[1] Brown's notice of appeal does not include C.P. No. CR-18-624694-B. Nevertheless, given the nature of the plea agreement accepted in this case, consideration of Case No. CR-18-624694-B is required.

receiving stolen property in violation of R.C. 2913.51(A), with a forfeiture specification.

{¶ 8} In C.P. No. CR-17-623952-B, Brown pleaded guilty to carrying a concealed weapon in violation of R.C. 2923.12(A), with forfeiture specifications and improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B), with forfeiture specifications. The remaining count was nolled.

{¶ 9} In C.P. No. CR-18-624694-B, Brown pleaded guilty to theft in violation of R.C. 2913.02(A)(1), as charged in Count 7 of the indictment. The remaining offenses were nolled.

{¶ 10} Following a Crim.R. 11 colloquy, the trial court accepted Brown's guilty pleas in each case and referred him to the county probation department for a presentence-investigation report. A consolidated sentencing hearing was held in September 2018.

{¶ 11} In C.P. No. CR-17-622655-A, Brown was sentenced to 18 months in prison for the receiving stolen property offense charged in Count 1, to run consecutively with the one-year firearm specification. Brown was also sentenced to 18 months in prison for the carrying a concealed weapon offense, 18 months in prison for the improperly handling firearms in a motor vehicle offense, and 180 days in jail on the remaining receiving stolen property offense. The 18-month prison term imposed on Count 1, and its accompanying one-year firearm specification, were ordered to be served consecutively to the 18-month prison term imposed on

the carrying a concealed weapon offense. The sentences imposed on the remaining offenses were ordered to be served concurrently, for a prison term of four years.

{¶ 12} In C.P. No. CR-17-623952-B, Brown was sentenced to 18 months in prison on each offense, to be served consecutively, for a prison term of 36 months. In addition, the 36-month prison term imposed in C.P. No. CR-17-623952-B was ordered to be served consecutively with the four-year prison term imposed in C.P. No. CR-17-622655-A, for an aggregate sentence of seven years.

{¶ 13} In C.P. No. CR-18-624694-B, Brown was sentenced to 180 days in jail, to run concurrently with the sentences imposed in C.P. Nos. CR-17-622655-A and CR-17-623952-B.

{¶ 14} Brown now appeals from his convictions and sentence.

## II. Law and Analysis

### A. Validity of Plea

{¶ 15} In his first assignment of error, Brown argues his guilty pleas were not knowingly, intelligently, and voluntarily made.

{¶ 16} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996); *see also State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7. As the Ohio Supreme Court explained in *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462:

> A criminal defendant's choice to enter a plea of guilty or no contest is a serious decision. The benefit to a defendant of agreeing to plead guilty is the elimination of the risk of receiving a longer sentence after trial. But, by agreeing to plead guilty, the defendant loses several constitutional rights. * * * The exchange of certainty for some of the most fundamental protections in the criminal justice system will not be permitted unless the defendant is fully informed of the consequences of his or her plea. Thus, unless a plea is knowingly, intelligently, and voluntarily made, it is invalid.

*Id.* at ¶ 25.

{¶ 17} In considering whether a criminal defendant knowingly, intelligently, and voluntarily entered a guilty plea, we first review the record to determine whether the trial court complied with Crim.R. 11(C). *State v. Kelley*, 57 Ohio St.3d 127, 128, 566 N.E.2d 658 (1991).

{¶ 18} Crim.R. 11(C) sets forth certain constitutional and procedural requirements with which the trial court must comply prior to accepting a guilty plea. Under Crim.R. 11(C)(2), the trial court shall not accept a guilty plea in a felony case without personally addressing the defendant and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require

the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 19} The purpose of Crim.R. 11(C) is "'to convey to the defendant certain information so that he [or she] can make a voluntary and intelligent decision whether to plead guilty.'" *State v. Woodall*, 8th Dist. Cuyahoga No. 102823, 2016-Ohio-294, ¶ 12, quoting *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). When a trial court complies with Crim.R. 11(C)(2) in accepting a plea, there is a presumption that the defendant's plea was knowingly, intelligently, and voluntarily made. *See, e.g., State v. Alexander*, 8th Dist. Cuyahoga No. 103754, 2016-Ohio-5707, ¶ 11; *State v. Murray*, 12th Dist. Brown No. CA2015-12-029, 2016-Ohio-4994, ¶ 20.

{¶ 20} The trial court must strictly comply with those provisions of Crim.R. 11(C)(2) that relate to the waiver of constitutional rights. *Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, at syllabus. When the trial court fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c), it is presumed the plea was entered involuntarily and is therefore invalid. *Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462 at 31.

{¶ 21} With respect to the nonconstitutional rights described in Crim.R. 11(C)(2)(a), such as the right to be informed of the maximum penalty involved and the nature of the charges, substantial compliance with the rule is generally sufficient. *Veney* at ¶ 14, citing *State v. Stewart,* 51 Ohio St.2d 86, 92, 364 N.E.2d 1163 (1977). "Substantial compliance means that under the totality of the circumstances the

defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *Stewart* at 92-93.

{¶ 22} "[T]here is no easy or exact way" to determine a defendant's subjective understanding. *State v. Cardona*, 8th Dist. Cuyahoga No. 75556, 1999 Ohio App. LEXIS 6064, *12 (Dec. 16, 1999), citing *State v. Carter*, 60 Ohio St.2d 34, 38, 396 N.E.2d 757 (1979). However, if a defendant "'receives the proper information, then we can ordinarily assume that he understands that information.'" *Cardona* at *12, quoting *Carter* at 38. A defendant may learn of information not relayed to him by the trial court from other sources, such as his attorney. S*tate v. Rogers*, 8th Dist. Cuyahoga No. 103227, 2016-Ohio-1382, ¶ 18, citing *State v. McCown*, 8th Dist. Cuyahoga No. 69683, 1996 Ohio App. LEXIS 4801, *19 (Oct. 31, 1996).

{¶ 23} If an appellate court finds that a trial court did not substantially comply with a requirement of Crim.R. 11(C)(2)(a), which governs the advisement of nonconstitutional rights, the appellate court must make a further determination as to whether the trial court "partially complied" or "completely failed" to comply with the requirement. *Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, at ¶ 32. If the trial court partially complied, the plea may be vacated only if the defendant demonstrates a prejudicial effect, i.e., "'whether the plea would have otherwise been made.'" *Id.*, quoting *Nero* at 108. If, however, the trial court completely failed to comply, the plea must be vacated because "'[a] complete failure

to comply with the rule does not implicate an analysis of prejudice.'" *Id.*, quoting *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22.

{¶ 24} In this case, it is undisputed that the trial court fully complied with the requirements of Crim.R. 11(C)(2)(c), and that Brown understood the waiver of his constitutional rights. However, Brown contends that his plea was not knowingly made because the trial court failed to advise him that the firearm specification attached to the receiving stolen property offense in C.P. No. CR-17-622655-A carried a mandatory prison term.

{¶ 25} In *State v. Tutt*, 2015-Ohio-5145, 54 N.E.3d 619 (8th Dist.), this court held, in relevant part:

> [W]here a defendant faces a mandatory prison sentence as a result of a guilty or no contest plea, the trial court must determine, prior to accepting a plea, that the defendant understands that he or she is subject to a mandatory prison sentence and that as a result of the mandatory prison sentence, he or she is not eligible for probation or community control sanctions.

*Id.* at ¶ 19. A trial court may meet this requirement by (1) expressly informing the defendant that he or she is subject to a mandatory prison sentence and therefore does not qualify for community control sanctions, or (2) confirming the defendant's subjective understanding of the mandatory nature of the prison term from the totality of the circumstances. *Id.* at ¶ 22.

{¶ 26} In *Tutt*, this court vacated the defendant's no contest pleas because although the trial court properly advised the defendant of the maximum potential penalties he could receive, it failed to expressly state that prison was mandatory, and

the totality of the circumstances failed to demonstrate that the defendant subjectively understood that prison was mandatory. *Id.* at ¶ 26. Indeed, the trial court misled the defendant into believing that prison terms on the base offenses were optional because it advised him that on his two first-degree felonies he could be sentenced to "anywhere from 3 to 11 years in prison * * * *and/or* a fine up to $20,000." (Emphasis added.) *Tutt* at ¶ 7. This instruction erroneously suggested that the defendant could receive either a prison term, a fine, or both. Therefore, we found because the trial court failed to mention the mandatory nature of the prison terms, the trial court "wholly failed" to comply with Crim.R. 11(C)(2)(a) before accepting the defendant's no contest pleas, and the defendant was not required to demonstrate prejudice in order to have his no contest pleas vacated. *Id.* at ¶ 29-31.

{¶ 27} Relevant to the circumstances of this case, this court has further discussed the implications of firearm specifications, stating:

> A firearm specification carries a mandatory additional term of imprisonment of one or three years and constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed. *See State v. Higgs*, 123 Ohio App.3d 400, 408, 704 N.E.2d 308 (1997). Accordingly, a trial court's lack of notification regarding the additional mandatory time for a firearm specification could be a basis to vacate a plea, since the defendant has not been informed of the maximum penalty for which he is pleading guilty. The rationale behind such a mandate is that without an adequate explanation of the additional mandatory prison time from the trial court, a defendant can not fully understand the consequence of his plea as required by Crim.R. 11(C).

*State v. Douglas*, 8th Dist. Cuyahoga No. 87952, 2007-Ohio-714, ¶ 10.

{¶ 28} In this case, the record reflects that during its Crim.R. 11 colloquy, the trial court briefly advised Brown of the maximum penalties he faced for each of his felonies of the fourth degree and misdemeanors of the first degree. The court did not reference the mandatory prison term associated with the subject firearm specification at that time. Rather, the trial court explained its "option" to impose community control sanctions and only discussed the implications of postrelease control *if* the court were to impose a prison term on the felony offenses.

{¶ 29} In addition, the record reveals that at the time the trial court accepted Brown's plea in C.P. No. CR-17-622655-A, the court completely failed to mention the firearm specification attached to the receiving stolen property offense. By failing to mention the firearm specification at all, the court certainly took no effort to confirm that Brown understood the specification carried a mandatory term of imprisonment. Recognizing the trial court's oversight, the prosecutor eventually interjected, and the following discussion occurred on the record:

> PROSECUTOR: I apologize. Back to [C.P. No. CR-17-622655-A], I might not have heard. Count 1 was with — was pleading guilty to the one-year firearm specification. I'm not sure — you might have said that. I'm just not sure.
>
> TRIAL COURT: I did not say that.
>
> PROSECUTOR: Thank you.
>
> TRIAL COURT: There is a one-year firearm specification in that Count 1?
>
> PROSECUTOR: Yes, your Honor.
>
> TRIAL COURT: Did you understand that, Mr. Brown?

DEFENDANT: Yes.

TRIAL COURT: Your plea would still be guilty to that count?

DEFENDANT: Yes.

TRIAL COURT: I appreciate that. So I'll accept that guilty plea with that additional information and find you guilty of that charge.

{¶ 30} The foregoing discussion demonstrates that the trial court corrected its oversight in accepting Brown's guilty plea to the receiving stolen property offense. However, relevant to this appeal, the brevity of the discussion equally establishes that the trial court did not rectify its failure to advise Brown of the mandatory prison term associated with the corresponding one-year firearm specification. Under these circumstances, we are unable to conclude that Brown subjectively understood that he was subject to a mandatory prison sentence based on the firearm specification. Contrary to the state's position on appeal, statements made during the sentencing hearing are irrelevant to our review of Brown's subjective understanding at the time of the plea hearing. Accordingly, we find the court's explanation of the maximum penalties was inadequate and did not substantially comply with the court's responsibilities under Crim.R. 11(C)(2)(a).

{¶ 31} However, this is not the end of our inquiry. We must further determine whether the trial court partially complied — requiring a prejudice analysis — or whether it "wholly failed" to comply requiring no prejudice analysis. Based on a thorough review of the record, we conclude that the trial court wholly failed to comply with its responsibility under Crim.R. 11(C)(2)(a). In this case, the

trial court completely failed to ensure that Brown understood that he would be subject to a mandatory prison sentence on the firearm specification before accepting Brown's guilty plea on the underlying offense. As such, no prejudice analysis is required.

{¶ 32} As this court explained in *Tutt*:

> This is not a case in which the trial court informed the defendant of the mandatory nature of his sentence but in some way got it wrong, e.g., by misstating the length of the sentence or failing to adequately explain what a mandatory sentence means, or where conflicting information was provided to the defendant with respect to whether he was subject to a mandatory prison sentence. *See, e.g., State v. Hartsook*, 2014-Ohio-4528, ¶ 10-17, 21 N.E.3d 617 (12th Dist.) (trial court partially complied with Crim.R. 11(C)(2)(a) where it accurately advised defendant of the maximum sentence he could receive but defendant was given inaccurate and conflicting information about the "mandatory portion of [his] potential sentence"); *State v. Smith*, 8th Dist. Cuyahoga No. 83395, 2004-Ohio-1796, ¶ 8-12 (defendant's guilty plea to aggravated robbery with a notice of prior conviction that made prison mandatory was knowing, intelligent and voluntary notwithstanding trial court's failure to expressly advise defendant that he was "ineligible for probation" or that the offense to which he was pleading guilty required a "mandatory" prison term where prosecutor explained at the plea hearing that the "[n]otice of prior conviction means [defendant] must serve a prison term of at least three years" and trial court indicated that the range of time he would be serving was from three to ten years); *see also Rember*t, 2014-Ohio-300, at ¶ 28 ("When the trial court fails to mention postrelease control 'at all' during a plea colloquy, the court fails to comply with Crim.R. 11, and the reviewing court must vacate the plea and remand the cause. * * * However, 'some compliance' with the rule with respect to postrelease control prompts a substantial-compliance analysis and the corresponding prejudice analysis.").

*Tutt*, 2015-Ohio-5145, 54 N.E.3d 619, at ¶ 30. Rather, the mandatory nature of Brown's prison sentence was not mentioned at all during the plea colloquy. In fact, the court suggested that community control sanctions were an option.

{¶ 33} Under the totality of the circumstances presented in this case, we find Brown's plea was not knowingly, intelligently, and voluntarily made. We further find that because the negotiated plea agreement between the state and Brown incorporated three separate cases as a "packaged deal," the trial court's complete failure to comply with the requirements of Crim.R. 11(C)(2)(a) requires this court to vacate the plea agreement in its entirety. With that said, however, we recognize that this appeal is limited to the judgments rendered in C.P. Nos. CR-17-622655-A and CR-17-623952-B. Thus, our disposition of this appeal is limited to those cases. Given the contractual nature of the entire plea agreement, the implications of this court's decision on the conviction rendered in C.P. No. CR-18-624694-B may be an issue for the parties to address further on remand.

{¶ 34} Brown's first assignment of error is sustained. His remaining assignments of error are thereby rendered moot.

{¶ 35} Judgment reversed, vacated, and remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
**EILEEN T. GALLAGHER, PRESIDING JUDGE**

**FRANK D. CELEBREZZE, JR., J., and**
**KATHLEEN ANN KEOUGH, J., CONCUR**