[Cite as *State v. Webster*, 2025-Ohio-5551.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | |
|---|---|
| STATE OF OHIO | : |
| | :    C.A. No. 2025-CA-33 |
| Appellee | : |
| | :    Trial Court Case No. 24-CR-0793 |
| v. | : |
| | :    (Criminal Appeal from Common Pleas |
| KYLE WEBSTER | :    Court) |
| | : |
| Appellant | :    **FINAL JUDGMENT ENTRY &** |
| | :    **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on December 12, 2025, the judgment of the trial court is reversed, appellant's plea is vacated, and the case is remanded.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
MICHAEL L. TUCKER, JUDGE

EPLEY, P.J., and HUFFMAN, J., concur.

STEVEN H. ECKSTEIN, Attorney for Appellant
CHRISTOPHER P. LANESE, Attorney for Appellee

TUCKER, J.

{¶ 1} Kyle Webster appeals from his conviction following a guilty plea to charges of evidence tampering, trafficking in cocaine with a firearm specification, and trafficking in fentanyl.

{¶ 2} Webster challenges the validity of his guilty plea based on the trial court's failure to advise him of the maximum penalty on the firearm specification.

{¶ 3} We agree that the trial court violated Crim.R. 11(C)(2)(a) by failing to address the penalty for the firearm specification at Webster's plea hearing. Accordingly, the trial court's judgment will be reversed, the guilty plea will be vacated, and the case will be remanded for further proceedings.

**I. Background**

{¶ 4} Webster pled guilty to the above-referenced charges in exchange for dismissal of other charges and specifications and the State's agreement to remain silent at sentencing. Before accepting Webster's plea, the trial court advised him of the rights he was waiving. It also addressed the potential penalties for the three substantive offenses. It neglected, however, to address the potential penalty for the firearm specification.

{¶ 5} The trial court later imposed prison terms of three years for evidence tampering, 11 to 16.5 years for trafficking in cocaine, three years for trafficking in fentanyl, and an additional one year for the firearm specification accompanying the cocaine trafficking charge. It ordered consecutive service, resulting in an aggregate prison term of 18 to 23.5

years. It also ordered the sentence in this case to be served consecutively to a prison term Webster had received in another case.

## II. Analysis

{¶ 6} Webster's sole assignment of error states:

**THE PLEA OF GUILTY WAS NOT KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY ENTERED AS THE TRIAL COURT FAILED TO EXPLAIN THE MAXIMUM SENTENCE WHEN IT OMITTED AN EXPLANATION OF THE FIREARM SPECIFICATION.**

{¶ 7} Webster notes that the trial court's plea colloquy omitted any reference to the potential penalty for the firearm specification accompanying the cocaine trafficking charge. Therefore, he argues that the trial court violated Crim.R. 11(C)(2)(a), entitling him to have his guilty plea vacated. For its part, the State concedes error and agrees that a remand is required.

{¶ 8} We find Webster's argument to be persuasive. Under Crim.R. 11(C)(2)(a), the trial court could not accept his guilty plea without advising him of "the nature of the charges and of the maximum penalty involved." The prison term for a firearm specification is part "of the maximum penalty involved in an offense for which a prison term will be imposed." *State v. Douglas*, 2007-Ohio-714, ¶ 10 (8th Dist.). Consequently, the trial court violated Crim.R. 11(C)(2)(a) by accepting Webster's guilty plea to the cocaine trafficking charge without advising him of a one-year prison term that the accompanying specification required.

{¶ 9} Because the trial court's obligation to advise Webster about the penalty for the firearm specification did not involve a constitutional right, he ordinarily would be required to show prejudice to have his plea vacated. *State v. Harris*, 2021-Ohio-1431, ¶ 16-18 (2d Dist.).

3

An exception applies, however, when a trial court "completely" fails to comply with a portion of Crim.R. 11. *Id*.

{¶ 10} Here the trial court completely failed to comply with Crim.R. 11(C)(2)(a) regarding the maximum penalty for the firearm specification. It omitted any reference to the punishment Webster faced for the specification. Therefore, he is entitled to have his plea vacated without showing that he was prejudiced by the trial court's omission.

{¶ 11} Finally, the trial court's violation of Crim.R. 11(C)(2)(a) requires us to vacate Webster's guilty plea to all three charges, not just the cocaine trafficking charge that included the firearm specification. Notably, Webster pled guilty to third-degree felony evidence tampering, first-degree felony trafficking in cocaine with a firearm specification, and third-degree felony trafficking in fentanyl as part of a negotiated agreement that included the State's dismissal of other charges and specifications. Nothing in the record establishes that the State would have made the same offer in exchange for a guilty plea to only evidence tampering and trafficking in fentanyl while allowing Webster to proceed to trial on the more serious cocaine trafficking charge and accompanying firearm specification. But vacating only Webster's guilty plea to cocaine trafficking with the firearm specification would give him that option. Accordingly, the trial court's error requires us to vacate the guilty plea in its entirety. Webster's assignment of error is sustained.

### III. Conclusion

{¶ 12} The trial court's judgment is reversed. Webster's guilty plea to evidence tampering, trafficking in cocaine with a firearm specification, and trafficking in fentanyl is vacated, and the case is remanded for further proceedings.

. . . . . . . . . . . . .

EPLEY, P.J., and HUFFMAN, J., concur.