[Cite as *State v. Conner*, 2023-Ohio-3485.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                                    :

    Plaintiff-Appellee,               :

                                  No. 111889

    v.                                                   :

KENDLE CONNER,                              :

    Defendant-Appellant.            :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** September 22, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-21-661251-B and CR-21-661269-A
Application for Reopening
Motion No. 565924

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Alan F. Dowling, Assistant Prosecuting Attorney, *for appellee.*

Kendle Conner, *pro se.*

EILEEN A. GALLAGHER, P.J.:

{¶ 1} Kendle Conner has filed a timely application for reopening pursuant to App.R. 26(B). Conner is attempting to reopen the appellate judgment rendered in *State v. Conner*, 8th Dist. Cuyahoga No. 111889, 2023-Ohio-1220, that affirmed the

pleas of guilty and sentences imposed in *State v. Conner*, Cuyahoga C.P. Nos. CR-21-661269-A and CR-21-661251-B, for the offenses of involuntary manslaughter (R.C. 2903.04(A)), felonious assault (R.C. 2903.11(A)(1)) and having weapons while under disability (R.C. 2923.13(A)(2)). We decline to reopen Conner's appeal.

## I. Standard of Review Applicable to App.R. 26(B) Application for Reopening

{¶ 2} An application for reopening will be granted if there exists a genuine issue as to whether an appellant was deprived of the effective assistance of appellate counsel on appeal. *See* App.R. 26(B)(5). To establish a claim of ineffective assistance of appellate counsel, Conner is required to establish that the performance of his appellate counsel was deficient and the deficiency resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), *cert. denied*, 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768 (1990).

{¶ 3} In *Strickland*, the United States Supreme Court held that a court's scrutiny of an attorney's work must be highly deferential. The court further stated that "it is all too tempting for a defendant to second-guess" his attorney after conviction and that it would be "too easy" for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. *Id*. at 689. Thus, a court must indulge in "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the

challenged action 'might be considered sound trial strategy.'" *Id.*, quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955).

{¶ 4} Even if Conner establishes that an error by his appellate counsel was professionally unreasonable, Conner must further establish that he was prejudiced; but for the unreasonable error there exists a reasonable probability that the results of his appeal would have been different. Reasonable probability, regarding an application for reopening, is defined as a probability sufficient to undermine confidence in the outcome of the appeal. *State v. May*, 8th Dist. Cuyahoga No. 97354, 2012-Ohio-5504.

## II. Argument

{¶ 5} Conner raises three proposed assignments of error in support of his application for reopening:

> Trial counsel provided ineffective assistance of counsel, pursuant to *State v. Anthony*, 2015-Ohio-2267, 37 N.E.3d 751 (8th Dist.), where counsel advised appellant to waive the allied offense application of R.C. 2941.25(a) relating to the involuntary manslaughter and felonious assault counts.

> Trial counsel provided ineffective assistance of counsel where he waived the issue of allied offenses by agreeing with the state that the involuntary manslaughter and felonious assault counts are not allied offenses.

> Appellant's guilty plea was not entered knowingly, intelligently, or voluntarily due to ineffective assistance of trial counsel where counsel incorrectly advised appellant on allied offense R.C. 2941.25(a), thereby causing appellant to waive the application of allied offense sentencing R.C. 2941.25(a) on the involuntary manslaughter and felonious assault offenses.

**{¶ 6}** Conner's three proposed assignments of error essentially involve the issues of 1) whether the offenses of involuntary manslaughter and felonious assault, to which he plead guilty, were allied offenses of similar import that required merger for purposes of sentencing and 2) the pleas of guilty were not made voluntarily, knowingly, and intelligently.

## A. Waiver

**{¶ 7}** This court has held that when the transcript demonstrates the state and defense counsel specifically agreed that the offenses were not allied, the issue of allied offenses is waived. *State v. Booker*, 8th Dist. Cuyahoga No. 101886, 2015-Ohio-2515; *State v. Adams*, 8th Dist. Cuyahoga No. 100500, 2014-Ohio-3496; *State v. Yonkings*, 8th Dist. Cuyahoga No. 98632, 2013-Ohio-1890; *State v. Carman*, 8th Dist. Cuyahoga No. 99463, 2013-Ohio-4910; *State v. Ward*, 8th Dist. Cuyahoga No. 97219, 2012-Ohio-1199. Herein, the transcript of the sentencing hearing clearly demonstrates that the state and defense counsel specifically agreed that the felony offenses, to which Conner plead guilty, were not allied offenses: "Your Honor, part and parcel of this plea agreement in this case, Counts 1 and — amended Count 1 [involuntary manslaughter] and Count 4 [felonious assault] will not merge for purposes of sentencing." Tr. 5.

**{¶ 8}** In addition, Conner bargained with the state to achieve a desired outcome — that is to avoid a potential longer term of incarceration with regard to the offenses of aggravated murder, murder, and felonious assault as originally charged in the indictments. In CR-21-661269-A, the state amended Count 1 from

aggravated murder to involuntary manslaughter, nolled the offense of murder in Count 2, nolled the offense of murder in Count 3 and nolled the offense of felonious assault in Count 5. In CR-21-661251-B, the state nolled the offense of having weapons while under disability in Count 2, nolled the offense of tampering with evidence in Count 4 and nolled the offense of carrying a concealed weapon in Count 5. Conner accepted and received the benefit of amended indictments and reduced sentences and is not permitted to challenge the plea of guilty based upon the argument of allied offenses. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923; *State v. Haser*, 5th Dist. Muskingum No. CT2020-0029, 2021-Ohio-460; *State v. Styles*, 8th Dist. Cuyahoga No. 71052, 1997 Ohio App. LEXIS 4547 (Oct. 9, 1997).

## B. Res Judicata

{¶ 9} The doctrine of res judicata prevents further review of the issues of allied offenses and defective guilty pleas pursuant to Crim.R. 11 because the issues have already been addressed by this court on direct appeal and found to be without merit. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Claims of ineffective assistance of appellate counsel in an application for reopening may be barred from further review by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992); *State v. Logan*, 8th Dist. Cuyahoga No. 88472, 2008-Ohio-1934; *State v. Tate*, 8th Dist. Cuyahoga No. 81682, 2004-Ohio-973.

{¶ 10} This court, in the appellate opinion journalized April 13, 2023, reviewed the issues of allied offenses and whether Conner's guilty pleas were voluntary, knowing, and intelligent and found no error of law. *See State v. Conner, supra*, ¶ 23, 24, 26, and 37. We further find that circumstances do not render the application of the doctrine of res judicata unjust. *State v. Tyford*, 106 Ohio St.3d 176, 2005-Ohio-4380, 833 N.E.2d 289; *State v. Robinson*, 8th Dist. Cuyahoga No. 110467, 2022-Ohio-3033; *State v. Pratt*, 8th Dist. Cuyahoga No. 93123, 2010-Ohio-4998.

## C. Effect of Guilty Plea

{¶ 11} A plea of guilty waives a defendant's right to challenge his or her conviction on all potential issues except for jurisdictional issues and the claim that ineffective assistance of counsel caused the guilty plea to be less than knowing, intelligent, and voluntary. *Montpelier v. Greeno*, 25 Ohio St.3d 170, 495 N.E.2d 581 (1986); *State v. Vihtelic*, 8th Dist. Cuyahoga No. 105381, 2017-Ohio-5818; *State v. Szidik*, 8th Dist. Cuyahoga No. 95644, 2011-Ohio-4093; *State v. Salter*, 8th Dist. Cuyahoga No. 82488, 2003-Ohio-5652.

{¶ 12} By entering pleas of guilty, Conner waived all appealable errors that might have occurred at trial unless the errors prevented Conner from entering a knowing and voluntary plea. *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991); *State v. Barnett*, 73 Ohio App.3d 244, 596 N.E.2d 1101 (2d Dist.1991). Our additional review of the plea transcript clearly demonstrates that the trial court meticulously complied with the mandates of Crim.R. 11 and that Conner entered a

knowing, intelligent, and voluntary plea of guilty. Because Conner's pleas were knowingly, intelligently and voluntarily made and the claimed error raised by Conner is not based upon any jurisdictional defects, the raised proposed assignment of error is waived. We further find that no prejudice can be demonstrated by Conner based upon appellate representation on appeal. *State v. Bates*, 8th Dist. Cuyahoga No. 100365, 2015-Ohio-297.

### D. No Reasonable Probability of Different Outcome

{¶ 13} Finally, there exists no reasonable probability that, but for appellate counsel's claimed error on appeal, the results of Conner's appeal would have been different. Conner has failed to establish any prejudice through the three proposed assignments of error raised in support of his claim of ineffective assistance of appellate counsel. *State v. Gulley*, 8th Dist. Cuyahoga No. 109045, 2020-Ohio-4746; *State v. Lester*, 8th Dist. Cuyahoga No. 105992, 2018-Ohio-5154.

{¶ 14} Accordingly for reopening is denied.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

MARY J. BOYLE, J., and
SEAN C. GALLAGHER, J., CONCUR