[Cite as *State v. Foster*, 2024-Ohio-1160.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                               :

    Plaintiff-Appellee,                :

                                             No. 112564

v.                                           :

TERRY FOSTER,                                :

    Defendant-Appellant.               :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED IN PART; VACATED IN PART;
            AND REMANDED
**RELEASED AND JOURNALIZED:**  March 28, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-670220-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Carson Strang, Assistant Prosecuting Attorney, *for appellee.*

The Law Office of Jaye M. Schlachet, Jaye M. Schlachet, and Eric M. Levy, *for appellant.*

ANITA LASTER MAYS, J.:

{¶ 1} In this delayed appeal, defendant-appellant Terry Foster ("Foster") appeals his guilty pleas and sentences. The trial court's judgment is affirmed in part, vacated in part, and remanded.

## I. Background and Facts

{¶ 2} Foster, and a codefendant whose case proceeded separately, were each indicted on 26 counts arising from the murder of victim Napoleon Abrams ("N.A."), attempted murders of Jacqueline Jones ("J.J.") and Joseph Armstrong ("J.A.") on November 16, 2021, and the murder of Latrice Burks ("L.B.") on November 22, 2021. Counts 1 through 5 carried one-year, three-year, or five-year firearm specifications. Counts 6 through 19 carried one-year or three-year firearm specifications. Counts 20 through 26 were drug related.

{¶ 3} On February 1, 2023, represented by counsel, Foster pleaded guilty to (1) Count 2, murder of L.B. under R.C. 2903.02(A), an unclassified felony, with a three-year firearm specification under R.C. 2941.145(A); (2) an amended Count 8, murder to the lesser included offense of involuntary manslaughter of N.A., a felony of the first-degree under R.C. 2903.04, with all firearm specifications deleted; and (3) Count 22, trafficking, a felony of the third-degree, in violation of R.C. 2925.03(A)(2), with cell phone and cash forfeitures.[1]

---

[1] At the same hearing, Foster pleaded guilty in another pending case, Cuyahoga C.P. No. CR-663675-A, which is not part of the instant appeal. The plea was made to Count 1, felonious assault, a second-degree felony under R.C. 2903.11(A)(1). The remaining counts and specifications were deleted. Foster was sentenced to an aggregate minimum sentence of three years and a maximum sentence of four and one-half years

{¶ 4} On February 24, 2023, Foster was sentenced to 21 years to life as follows: (1) Count 2: 15 years to life for murder with a three-year gun specification served prior and consecutive to the underlying sentence; (2) Count 8: three years for involuntary manslaughter to be served consecutive to Count 2;[2] and (3) Count 22: 12 months for drug trafficking with cash and cell phone forfeitures to be served concurrently with Count 2.

{¶ 5} Foster appeals.

## II. Assignments of Error

{¶ 6} Foster assigns the following errors:

I. The trial court erred when it accepted appellant's guilty plea which was not entered knowingly, intelligently, and voluntarily where the court did not advise about the potential of consecutive sentences and did not determine that appellant was aware a prison sanction was mandatory.

II. The trial court erred in imposing consecutive sentences upon Foster without making any of the findings required by R.C. 2929.14(C)(4) at the sentencing hearing or in the journal entry of sentence which requires that this court vacate the consecutive sentences not supported by the record.

---

pursuant to the Reagan Tokes Law to run concurrently with the instant case. That case has not been made a part of this appeal. In the event Foster intended to appeal Cuyahoga C.P. No. CR-663675-A, he may seek to do so by way of a delayed appeal.

[2] The trial court properly advised Foster during the plea in this case that the sentence was subject to the Reagan Tokes Law but did not impose sentence accordingly. The issue is subject to remand as determined herein.

## III. Discussion

### A. Crim.R. 11 compliance

#### 1. Standard of review

{¶ 7} This court conducts a de novo review to determine whether the trial court accepted a guilty plea in compliance with Crim.R. 11(C). *State v. Meadows*, 8th Dist. Cuyahoga No. 111489, 2022-Ohio-4513, ¶ 18, citing *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶ 26.

{¶ 8} A defendant's decision to enter a plea must be knowingly, intelligently, and voluntarily made because a no contest or guilty plea involves a waiver of constitutional rights. *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 10, citing *Parke v. Raley*, 506 U.S. 20, 28-29, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992); *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25; *see State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).

{¶ 9} Crim.R. 11 "outlines the procedures that trial courts are to follow when accepting pleas" and "'ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.'" *Dangler* at ¶ 11, quoting *State v. Stone*, 43 Ohio St.2d 163, 168, 331 N.E.2d 411 (1975).

{¶ 10} Crim.R. 11(C)(2)(a) and (b) require a trial court's:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible

for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

Crim.R. 11(C)(2)(c) addresses constitutional rights.

{¶ 11} In *Dangler*, the court recognized that "caselaw has muddled" the Crim.R. 11 "analysis by suggesting different tiers of compliance with the rule." *Id.* at ¶ 17. The *Dangler* Court determined that the former strict or substantial compliance standard for a Crim.R. 11(C) analysis "unduly complicated what should be a fairly straightforward inquiry." *Id.* at ¶ 17. The court declared:

[T]he questions to be answered are simply:

(1) has the trial court complied with the relevant provision of the rule?

(2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and

(3) if a showing of prejudice is required, has the defendant met that burden?

*Id.*

{¶ 12} A defendant is not required to demonstrate prejudice where "(1) the trial court failed to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c) that the defendant waived by pleading guilty or (2) the trial court 'completely fail[ed]' to 'comply with a portion of Crim.R. 11(C).'" *State v. Conner*, 8th Dist. Cuyahoga No. 111889, 2023-Ohio-1220, ¶ 18, quoting *Dangler* at ¶ 13-17, 23.

{¶ 13} Where a defendant must establish prejudice, it must be ""'on the face of the record."''" *Dangler* at ¶ 24, quoting *Hayward v. Summa Health Sys./Akron City Hosp.*, 139 Ohio St.3d 238, 2014-Ohio-1913, 11 N.E.3d 243, ¶ 26, quoting *Wagner v. Roche Laboratories*, 85 Ohio St.3d 457, 462, 709 N.E.2d 162 (1999). The appellate court considers whether there is something in the record that indicates the defendant would not have entered his plea if the defendant had been more thoroughly informed.

### 2. Analysis

{¶ 14} Foster argues he was not advised that a mandatory prison sentence was required or of the mandatory consecutive nature of the firearm specification. Foster concedes he was informed that the three-year firearm specification must be served prior and consecutive to the 15-years-to-life term for murder, but not prior and consecutive to the base sentences for the involuntary manslaughter and drug trafficking convictions. Thus, Foster claims the trial court failed to comply with Crim.R. 11 and he "is not required to show prejudice on appeal where there is a failure to advise of mandatory consecutive sentences prior to accepting a guilty plea." Appellant's Brief, p. 6.

{¶ 15} Foster relies on *State v. Bishop,* 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, to support his position. *Bishop* "addressed the narrow question of whether a criminal defendant pleading guilty to a new felony" "committed while on postrelease control must be notified by the court of the potential consequences of the postrelease control violation before pleading guilty." *State v. Nelson*, 8th Dist.

Cuyahoga Nos. 109072, 109073, and 109260, 2020-Ohio-6993, ¶ 45, citing *Bishop* at ¶ 1, 14-17. *Bishop* held that a complete failure to notify had occurred, so a demonstration of prejudice was not required. *Id*. at ¶ 20. *Bishop* is distinguishable from the instant case as revealed below.

{¶ 16} This court has determined that a "'firearm specification carries a mandatory additional term of imprisonment * * * and constitutes a portion of the maximum penalty involved in an offense for which a term will be imposed." *State v. Brown*, 8th Dist. Cuyahoga No. 107933, 2019-Ohio-3516, ¶ 27, quoting *State v. Douglas*, 8th Dist. Cuyahoga No. 87952, 2007-Ohio-714, ¶ 10, citing *State v. Higgs*, 123 Ohio App.3d 400, 704 N.E.2d 308 (11th Dist.1997). "'Accordingly, a trial court's lack of notification regarding the additional mandatory time for a firearm specification *could* be a basis to vacate a plea since the defendant has not been informed of the maximum penalty for which he is pleading guilty.'" (Emphasis added.) *Id*., quoting *id*. That is not the case here.

{¶ 17} During the colloquy, Foster confirmed his understanding that there was no promise of a particular sentence. Foster was further informed:

> Court: Now, the — in that particular charge as indicted to which you're pleading guilty to, the murder is [an] unclassified felony which carries a 15-year sentence to life imprisonment and the difference between the 15 and life is determined by the parole board. Do you understand that?
>
> Foster: Yes, your Honor.
>
> Court: That sentence of 15 years to life will be served after you serve the three-year firearm specification. Do you understand that?
>
> Foster: Yes, your Honor.

Court: Okay. Great. So for just a layman's position, the minimum sentence is eight [sic] years. Do you understand?

Tr. 101-102.[3]  Thus, Foster was informed of the mandatory nature of the murder sentence and mandatory consecutive service of the firearm specification.

{¶ 18} The trial court's postrelease control advisement also addressed the mandatory nature of the imprisonment:

Sir, I'm going to just advise you of postrelease control. First, I want to say, you're going to be under the authority of the adult parole authority on your murder sentence, that 15-years-to-life sentence. Do you understand that?

Foster:  Yes, your Honor.

Court:  Okay. That is going to supercede [sic] postrelease control, for lack of a better word. Do you understand that?

Foster:  Yes, your Honor.

Court:  Okay. But in the abundance of caution, I'm just giving you these instructions right here about postrelease control, all right?

Foster:  Yes, your Honor. * * *

Court:  Probably going to be the last you're going to hear about that [postrelease control] after the sentencing because of the life sentence that you're receiving. Do you understand that?

Foster:  Yes, your Honor.

Tr. 109.

{¶ 19} The trial court further informed Foster as to Count 8:

Court:  Count 8, involuntary manslaughter, in violation of 2903.04(A), and Count 8 is for the date November the 16th, 2021, and the named victim is [N.A.]. The involuntary manslaughter is a lesser included offense of the murder and it's under 2903.04(A), and that carries a

---

[3]  It is evident from the preceding discussion that the insertion of the number "eight" instead of "eighteen" is a typographical error.

potential term of 3 to 11 years at the Lorain Correctional Institution and it carries post-release control, mandatory minimum of two years to a maximum of five years for post-release control. Do you understand that?

Foster: Yes, your Honor. * * *

Court: Reagan Tokes sentencing is going to apply * * * in Count 8, involuntary manslaughter. * * * So the minimum sentence you can receive in that case is going to be the presumed release date, okay? That means absent anything else, that should be the date you get out of prison.

It's going to run — under 2929.19(B)(2)(C), if the trial court determines that a prison sentence there is necessary or required, the Court shall advise the defendant at sentencing hearing all of the following: So this is your plea hearing and I'm telling you that there is a — rebuttably presumed that you will be released from the service of sentence at the expiration of the minimum prison term imposed as part of the sentence; that you could get bad time if you do bad acts while you're in prison. Do you understand that?

Tr. 103-104.

{¶ 20} The trial court added regarding Count 8 that Foster "could get bad time if you do bad acts while you're in prison * * * and can get good acts [sic] for good things you do in prison." Tr. 106. Foster, who stated at sentencing that he had previously been incarcerated, said he understood.

Court: Do you understand that those [bad and good time] don't count while you're serving a three-year firearm specification?

Foster: Yes, your Honor.

Tr. 107. Thus, Foster was advised that the three-year gun specification would be served prior to the sentence for the involuntary manslaughter count when the "good and bad time clock" would begin to tick.

{¶ 21} Foster was notified that Count 22, drug trafficking under R.C. 2925.03(A)(2), a third-degree felony, carried a sentence of 8, 12, 18, 24, 20, or 36 months and that "postrelease control would be up to two years discretionary with the parole board." Tr. 105. The gun specification advisement was not repeated here.

{¶ 22} Based on a de novo review of the record and the totality of the circumstances, this court finds that the trial court partially complied with Crim.R. 11. Due to the partial compliance, Foster is required to show prejudice unless "(1) the trial court failed to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c) that the defendant waived by pleading guilty or (2) the trial court 'completely fail[ed]' to 'comply with a portion of Crim.R. 11(C).'" *Conner*, 8th Dist. Cuyahoga No. 111889, 2023-Ohio-1220, ¶ 18, quoting *Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 13-17, 23. The two exceptions do not apply in this case.

{¶ 23} Thus, Foster is required to demonstrate prejudice. In other words, we look to see whether there is something in the record that indicates Foster would not have entered his plea if he had been more thoroughly informed. We determine there is not.

{¶ 24} At the sentencing hearing, the defense opposed the state's request for consecutive sentences due to Foster's age of 54 and the mandatory three-year gun specification and 15-years-to-life sentence resulting in the possibility of parole after a minimum of 18 years. Foster did not express surprise, objections, questions, or concerns. In addition, prior to imposing sentence, the trial court reiterated that

Foster pleaded guilty to "a non-probationable offense. The Defendant has to go to prison as a matter of law." Tr. 119. Again, Foster expressed no surprise, objections, questions, or concerns.

{¶ 25} ""In the absence of evidence to the contrary or anything in the record that indicates confusion, it is typically presumed that the defendant actually understood the nature of the charges against him."" *State v. Stewart*, 8th Dist. Cuyahoga No. 112017, 2023-Ohio-1673, ¶ 18, quoting *State v. Young*, 8th Dist. Cuyahoga No. 106843, 2018-Ohio-4892, ¶ 15, quoting *State v. Vialva*, 8th Dist. Cuyahoga No. 104199, 2017-Ohio-1279, ¶ 9.

{¶ 26} It is evident that Foster's plea considerably reduced his criminal exposure. Foster was indicted on 26 counts subject to multiple one-, three-, and five-year firearm specifications. Foster understood that the three-year gun specification was to be served prior and consecutive to a term of 15 years to life on the murder charge and to the involuntary manslaughter count with a sentencing range of 3 to 11 years under the Reagan Tokes Law. The trial court did not explicitly state that the three-year firearm specification must be served before the drug trafficking count that was subject to a term of 8 to 36 months. However, the 12-month sentence he received was run concurrently with the murder sentence and did not affect the length of imprisonment.[4]

---

[4] Foster does not contest the trial court's decision to run the sentence consecutive to the murder count. Presumably, the defense is aware that the imposition was made at the trial court's discretion. "'Crim.R.11(C)(2)(a) does not require a trial court to advise a defendant of the potential for discretionary consecutive sentencing.'" *Berry*, 8th Dist. Cuyahoga No. 111453, 2023-Ohio-605, ¶ 16, quoting *State v. Nave*, 8th Dist. Cuyahoga

{¶ 27} The record supports that Foster understood the nature of the charges and penalties and that there was no promise of a particular sentence. Foster affirmed his satisfaction with the services of defense counsel, and Foster's defense counsel confirmed the trial court's compliance with Crim.R. 11. Foster has not demonstrated prejudice or that but for the trial court's alleged failure, he would not have entered the plea.

{¶ 28} The first assignment of error is overruled.

## B. Consecutive Sentences and Reagan Tokes

{¶ 29} In the second error assigned, Foster charges that the trial court erred in imposing consecutive sentences without making any of the findings required by R.C. 2929.14(C)(4) at the sentencing hearing or in the journal entry. The trial court ordered that the involuntary manslaughter sentence be served consecutive to the murder term.

{¶ 30} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16.

> R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may overturn the imposition of consecutive sentences where the court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law."

No. 107032, 2019-Ohio-1123, ¶ 10, citing *State v. Vinson*, 2016-Ohio-7604, 73 N.E.3d 1025, ¶ 24 (8th Dist.).
        The sentence in Cuyahoga C.P. No. CR-663675-A that is not on appeal was also run concurrently with the murder sentence.

*State v. Henderson*, 8th Dist. Cuyahoga Nos. 106340 and 107334, 2018-Ohio-3168, ¶ 15.

{¶ 31} The state concedes that the proper findings were not made. "Where a trial court has imposed consecutive sentences, but failed to make all of the requisite statutory findings, the proper remedy is to vacate the consecutive sentences and remand for resentencing." *State v. Tidmore*, 8th Dist. Cuyahoga No. 107369, 2019-Ohio-1529, ¶ 30.

{¶ 32} This court further observes that Foster correctly stated that the trial court failed to advise him that he would be subject to Violent Offender Database ("VOD") registration pursuant to Am.Sub.S.B. No. 231 known as "Sierah's Law," R.C. 2903.41 through 2903.44. Foster acknowledged this court's holding that the failure was not grounds to vacate a plea. *State v. Beard*, 2021-Ohio-2512, 177 N.E.3d 591, ¶ 52 (8th Dist.). However, the failure shall be rectified by the trial court during remand.

{¶ 33} Sua sponte, Foster was advised during the plea colloquy that the involuntary manslaughter conviction under R.C. 2903.04 was subject to a three-to-eleven-year term under the Reagan Tokes Law. However, the trial court imposed a term of three years on the record and in the judgment entry.

{¶ 34} Foster's sentence for involuntary manslaughter is vacated and remanded to the trial court to properly impose the three-year term compliant with the Reagan Tokes Law and to record those findings in the judgment entry. The trial court is also directed to consider whether the imposition of consecutive sentences is

appropriate in this case where the defendant was 54 years-old at sentencing in February 2023 and has been sentenced to an aggregate term of 18 years to life including the three-year gun specification for the murder count. If so, the trial court shall make the requisite findings on the record and incorporate those findings into the sentencing journal entry.

{¶ 35} The second assignment of error is sustained.

## IV. Conclusion

{¶ 36} Judgment is affirmed in part, vacated in part, and remanded for further proceedings pursuant to this opinion to (1) advise Foster of Sierah's Law's requirements; (2) impose the indefinite sentence for involuntary manslaughter pursuant to the Reagan Tokes Law; and, (3) should the trial court determine that a consecutive sentence for the involuntary manslaughter count is appropriate under the circumstances of this case, make the requisite findings on the record and incorporate those findings into the sentencing journal entry.

It is ordered that appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

KATHLEEN ANN KEOUGH, A.J., CONCURS;
LISA B. FORBES, J., CONCURS IN JUDGMENT ONLY IN PART AND DISSENTS IN PART (WITH SEPARATE OPINION)

LISA B. FORBES, J., CONCURRING IN JUDGMENT ONLY IN PART AND DISSENTING IN PART:

{¶ 37} I agree with the majority that Foster's first assignment of error, which concerns whether his guilty plea was made knowingly, voluntarily, and intelligently, should be overruled.

{¶ 38} I respectfully dissent from the majority's decision to vacate only a portion of Foster's sentence and to remand this case to the trial court to "(1) advise Foster of Sierah's Law's requirements"; (2) "properly impose the three-year term compliant with the Reagan Tokes Law"; and (3) "to consider whether the imposition of consecutive sentences is appropriate in this case where the defendant was 54 years-old at sentencing * * *."

{¶ 39} Rather, I would simply vacate Foster's sentence and remand this matter to the court for resentencing.

{¶ 40} The failure to make the required statutory findings under R.C. 2929.14(C)(4) when imposing consecutive sentences renders the sentence contrary to law. _See State v. Bonnell,_ 140 Ohio St.3d 209, 2014-Ohio-3177, 16

N.E.3d 659, ¶ 37 (finding that "the imposition of consecutive sentences in this case is contrary to law" when the court failed to make the required findings at the sentencing hearing and in the journal entry. "Thus, we are constrained to reverse the judgment of the appellate court, vacate the sentence, and remand the matter to the trial court for resentencing.").

{¶ 41} Pursuant to R.C. 2953.08(G)(2), if a felony sentence is contrary to law, the "appellate court may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing."

{¶ 42} Neither the state nor Foster raised Sierah's Law in conjunction with his sentence. Additionally, neither the state nor Foster raised the Reagan Tokes Law on appeal at all. I would not sua sponte raise these issues now. *See State v. Tate*, 140 Ohio St.3d 442, 2014-Ohio-3667, 19 N.E.3d 888, ¶ 21 ("[A]ppellate courts should not decide cases on the basis of a new, unbriefed issue without 'giv[ing] the parties notice of its intention and an opportunity to brief the issue.'"). (Citation omitted.)