[Cite as *State v. Foster*, 2025-Ohio-2226.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :
                                   No. 114527

v.                                      :

TERRY FOSTER,                           :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** June 26, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-663675-A

---

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Carson M. Strang, Assistant Prosecuting Attorney, *for appellee.*

Rosel C. Hurley, III, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1} Terry Foster appeals his conviction for a second-degree felonious assault and the resulting indefinite sentence of 3 to 4.5 years. For the following reasons, this appeal is dismissed.

{¶ 2} This is a delayed appeal from a conviction that was entered in February 2023.[1] Foster shot the victim in the leg during a drug transaction in September 2021. Foster was indicted for that crime in Cuyahoga C.P. No. CR-21-663675. A month after that shooting, Foster was involved in the unrelated murder of Napoleon Abrams and Latrice Burks and the attempted murder of two other victims. Those crimes were prosecuted in Cuyahoga C.P. No. CR-22-670220 and separately appealed. *State v. Foster*, 2024-Ohio-2075 (8th Dist.) ("*Foster I*"); *State v. Foster*, 2025-Ohio-836 (8th Dist.) ("*Foster II*"). In CR-22-670220 ("the murder case"), Foster was sentenced to an aggregate term of 21 years to life, with those convictions being ultimately affirmed in *Foster II*. In light of the severity of the murder case, Foster's focus remained on that case during the consolidated proceedings.

---

[1] In July 2024, Foster filed two appeals, CA-114199 and CA-114200. In both of those appeals, Foster attached the final entry of convictions from CR-22-670220 and CR-21-663675. Both appeals were dismissed as untimely and duplicative of each other and CA-114148, which resolved CR-22-670220. *State v. Foster*, 2025-Ohio-836 (8th Dist.). In November 2024, Foster filed a delayed appeal in this case attaching the final entry of conviction from CR-21-663675. That leave was granted on November 26, 2024, and this appeal proceeded.

{¶ 3} The underlying case, CR-21-663675, was pretried along with the murder case, resulting in a single plea colloquy resolving both. In that case, the subject of the current appeal, Foster was sentenced to a nonlife indefinite term of 3 to 4.5 years, to be served concurrent with the other sentences. He also received a jail-time credit of 473 days.

{¶ 4} Despite the conviction in the murder case being final and not part of this current appeal, Foster's appellate brief solely focuses on it. His briefing contains no discussion of the conviction or the sentence in the underlying case. The State's response relied on the doctrine of res judicata, highlighting the decisions reached in the earlier appeals and asking for this panel to affirm the convictions in the murder case. That, however, misses the point — we lack jurisdiction to review the now final convictions from the murder case. This appeal solely involves the underlying conviction in CR-21-663675.

{¶ 5} Upon reviewing the briefs, we sua sponte ordered Foster to supplement his brief with arguments pertaining to the underlying case and advising him that the failure to supplement would otherwise result in this appeal being dismissed under App.R. 18(C) for the failure to file a brief. In response, Foster's appellate counsel filed a notice in which he declared an inability to identify any "issues warranting appellate review in connection with" the underlying case. That notice is nonresponsive to our request for additional briefing and additionally fails to conform to the requirements of *Anders v. California*, 386 U.S. 738 (1967), in seeking to abandon his appointed-representation of Foster.

{¶ 6} As it stands, the time for briefing has expired and Foster has failed to present a brief containing any assignments of error calling this panel's attention to potential issues in this case. It should be noted, however, that Foster unsuccessfully challenged compliance with Crim.R. 11 as it pertains to the joint colloquy for the murder case in *Foster I* at ¶ 9–30 and, in light of the jail-time credit, he has likely served or is nearing the end of his indefinite sentence in his case.

{¶ 7} The doctrine of res judicata would preclude this panel from reaching a different result on the compliance question in this appeal since the plea colloquy addressed both cases simultaneously and an offender cannot challenge the length of a sentence imposed after completing that sentence. *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381 (1995) (res judicata includes both concepts of claim and issue preclusion); *State v. Sailor*, 2021-Ohio-2277, ¶ 10 (8th Dist.) ("When the defendant challenges the length of the sentence that has been completely served, as opposed to challenging the fact of conviction itself, the mootness doctrine applies."), citing *State v. Ingledue*, 2019-Ohio-397, ¶ 10 (2d Dist.). In short, the potential appellate issues in this particular case, if any exist, are extremely limited in consideration of Foster's guilty plea admitting to the underlying facts of this case.

{¶ 8} Notwithstanding that observation, because no brief was filed addressing this case, there are no arguments for this court to review. App.R. 18(C). As a result, this appeal is dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure

_____
SEAN C. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, P.J., and
MICHAEL JOHN RYAN, J., CONCUR